FILED
United States Court of Appeals
Tenth Circuit

February 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEREMY KEE,

Plaintiff - Appellant,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

Defendant - Appellee.

No. 12-4086

(D. Utah)

(D.C. No. 2:11-CV-01114-TC)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Plaintiff Jeremy Kee appeals the dismissal of his quiet-title action by the

United States District Court for the District of Utah. We affirm because each of

his arguments fails to show prejudice, is precluded by a prior adverse ruling, or

was not preserved for review by this court.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This is the latest of several lawsuits by Kee related to a mortgage on real property in Murray, Utah. Kee's mortgage lender was Matrix Financial Services, but the mortgage was serviced by several different companies over the next five years. Kee claimed that he was entitled to cancel the private mortgage insurance required as a condition for the loan. His servicer disagreed, and the dispute led Kee to stop making mortgage payments after April 2006. The servicer filed a notice of default and election to sell in March 2008. The property was sold to defendant Federal National Mortgage Association (Fannie Mae) at a trustee's sale on October 31, 2008.

In October 2011 Kee filed this quiet-title action against Fannie Mae in Utah state court, "seek[ing] a judicial determination that the foreclosure was wrongful, that the original loan originator was not authorized to conduct business in Utah making the underlying transaction void as a matter of law, and that [Kee] retains sole and exclusive title to the home free of any claims of Defendants." Aplee. Supp. App. at 20. Fannie Mae, asserting diversity jurisdiction, removed the case to federal court and moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The district court granted the motion because "the issues that Mr. Kee raises in this suit have been previously adjudicated." *Id.* at 87 (Order & Memorandum Decision at 1, *Kee v. Fed. Nat. Mortgage Ass'n*, No. 2:11-cv-01114-TC-BCW (D. Utah April 24, 2012)).

Kee raises four issues on appeal.  First, he argues that the district court "made findings of fact unsupported by the record."  Aplt. Br. at 26.  The only specific finding that he challenges, however, is the finding that he "stopped making his mortgage payments in April, 2006."  *Id.* (internal quotation marks omitted).  His point appears to be that he made a payment during that month.  In our view the court's finding is consistent with his having made his final payment in April 2006.  But in any event he fails to explain how the finding prejudiced him.  The notice of default was not filed until March 2008, and Kee does not argue that he was not in default by then.  We will not reverse a judgment because of an inconsequential error.  *See* Fed. R. Civ. P. 61 (harmless error).

Second, Kee argues that the foreclosure was improper because the original lender, Matrix Financial Services, was not licensed to act as a mortgage lender by the state of Utah, as required by Utah Code Ann. § 70D-1-10(1) (2001) (later revised and recodified as § 70D-2-201(1) (2009)), and therefore the mortgage on his house was unenforceable.  He contends that the district court was wrong to rule that issue-preclusion doctrine barred his argument because of an order entered by District Judge Waddoups in an earlier lawsuit.  But in a different prior lawsuit, District Judge Benson considered the licensing issue and ruled:  "All [Kee's] claims based on allegations that the Note and Trust Deed are invalid and unenforceable for failure to comply with Utah Code. Ann. § 70D-1-10 also fail because a failure to comply with that statute does not result in invalidation of a

-3-

note." *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1355 n.2 (D. Utah 2009). Kee makes no attempt to explain why that ruling is not binding on him under issue-preclusion doctrine.

Third, Kee argues that "there is an open question as to whether Fannie Mae even has standing to assert a claim to property," Aplt. Br. at 23, apparently because of defects in the transfer of the mortgage. This is not a matter of Article III jurisdictional standing (after all, Kee brought this suit), so we must address it only if preserved by Kee in district court. Because he did not raise the issue below in response to Fannie Mae's motion to dismiss, we decline to consider it. *See Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

Finally, Kee argues that the district court misinterpreted the terms of an injunction entered against him in a previous lawsuit, and that the court's dismissal was, "at last [sic] partially, based upon [its] interpretation of [the injunction]." Aplt. Br. at 24. But he fails to point to any meritorious argument that the district court rejected based on its interpretation of the injunction. As we have explained, each of his substantive arguments against the district court's ruling lacks merit or was not preserved. Any error in the interpretation of the injunction was therefore harmless.

We AFFIRM the dismissal of Kee's claims.  Although we DENY the motion to dismiss the appeal, we warn Mr. Kee's counsel that future violations of procedural requirements may well be treated more severely.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge